## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION


DUDLEY BARRINGTON MITCHELL,

      Petitioner,

-vs-                                    Case No. 8:07-cv-1066-T-30MAP
                                             8:05-cr-479-T-30MAP

UNITED STATES OF AMERICA ,

      Respondent.

_____/

## O R D E R

Before the Court are Petitioner's Motion for Leave of Court to Proceed In Forma

Pauperis (CV Dkt. 24), and Notice of Appeal and Application for a Certificate of

Appealability ("COA") (CV Dkt. 26) pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C.

§ 2253[2].  The Court addressed Petitioner's claims on the merits.  While issuance of a COA

does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S.

322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that

---

[1]"Certificate of Appealability.  (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2]"[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

reasonable jurists would find the Court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485.

Petitioner also moves the Court to allow him to continue his appeal in forma pauperis with court-appointed counsel. 11th Cir. R. 24-1(b) states "[i]f counsel was appointed for a party in the district court under the Criminal Justice Act, the party may appeal without prepaying costs and without establishing the right to proceed in forma pauperis." 18 U.S.C. § 3006A(d)(7) states "Proceedings before appellate courts. If a person for whom counsel is appointed under this section appeals to an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefor and without filing the affidavit required by section 1915(a) of title 28." 28 U.S.C. § 2255(g) states "[e]xcept as provided in section 408 of the Controlled Substances Act [21 USCS § 848], in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18."

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's Motion for Leave of Court to Proceed In Forma Pauperis (CV Dkt. 24) is **GRANTED**. Petitioner may proceed on appeal in forma pauperis. Terry C. Christian, Esq., is appointed to represent Petitioner on appeal of the denial of Petitioner's § 2255

motion.

   2.   Petitioner's application for issuance of a certificate of appealability (CV Dkt.

26) is **DENIED**.

   **DONE** and **ORDERED** in Tampa, Florida on July 29, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

<u>Copies to:</u>
Terry C. Christian, Esq., Counsel for Petitioner
Donald L. Hansen, A.U.S.A.