# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DUDLEY BARRINGTON MITCHELL,**

    Petitioner,

v.                                  Case No. 8:07-CV-1066-T-30MAP
                                         Crim. No. 8:05-CR-479-T-30MAP

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

# ORDER

THIS CAUSE has been remanded to this Court to address Mitchell's claim that his trial counsel was ineffective for misadvising him regarding the length of his potential sentence thereby inducing him into pleading guilty. This claim was ground two of Mitchell's 28 U.S.C. §2255 petition.

In support, Mitchell asserts in his memorandum that he "relied upon the representations of Mr. Zaremba that he would serve no more than five (5) years, to plead guilty to illegal reentry." He argues that, according to Slicker v. Wainwright, 809 F.2d 768 (11th Cir. 1987), this advice renders his guilty plea involuntary.

In considering these claims, Slicker directs a district court to place great emphasis on the transcript of the plea colloquy. Slicker, 809 F.2d at 770, note 4. At the change of plea hearing, the following colloquy took place between Mitchell and the magistrate judge:

    THE COURT:      Has anybody made any promises to you in order to get you to plead guilty?

    THE DEFENDANT:    None whatsoever, sir.

THE COURT: Has anybody, for example, promised you a light sentence if you plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Has anybody threatened you or forced you in any way to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Has anybody done anything you think unfair to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Is your decision to plead guilty a decision that you made after discussing it with Mr. Zaremba?

THE DEFENDANT: That is correct.

THE COURT: Mr. Zaremba, have there been any promises or assurances given to the defendant?

MR. ZAREMBA: No, Your Honor, there have not.

THE COURT: And, Mr. Hansen, the same question to you.

MR. HANSEN: No, Your Honor.

\* \* \*

THE COURT: Now, no doubt Mr. Zaremba has probably given you an opinion about what he thinks the sentence will be, however, if the sentence is more severe than what you expected, you will not be able to withdraw your plea of guilty. Do you understand this?

THE DEFENDANT: Yes, sir, I do.

THE COURT: The sentencing guidelines, Mr. Mitchell, are advisory. That is to say the judge does not have to sentence you in

>    accordance with the sentencing guidelines, and can sentence you more severely or less severely than what the guidelines call for. Do you understand the judge can go above or below the guideline range?
>
> THE DEFENDANT: Yes, sir, I do understand that.

Transcript of guilty plea proceedings, pp. 5-6, 10.

The statements of a defendant in open court are presumed to be true. <u>United States v. Gonzalez-Mercado</u>, 808 F.2d 796 (11th Cir. 1987). They are not overcome by a defendant's subsequent bald assertion that he was misled. <u>Harvey v. United States</u>, 850 F. 2d. 388 (8th Cir. 1988). Contrary to the allegations of his petition, at the guilty plea hearing Mitchell acknowledged that no promises were made to him. Mitchell was told that Mr. Zaremba's estimate of the sentence was merely an opinion and that, in fact, the Court was not bound by the guideline range and could sentence him above the guideline range. And, if such occurred, Mitchell would be unable to withdraw his guilty plea. Mitchell said that he understood.

On December 12, 2007, the Court held an evidentiary hearing giving Mitchell the opportunity to present evidence on this issue if he wished. His only evidence concerning this claim offered on direct was as follows:

> Q. Now, you and Mr. Zaremba discussed potential sentences that you might receive for the guilty plea, correct?
>
> A. Yes, sir.
>
> Q. And did Mr. Zaremba indicate to you that you might receive a lower sentence if you pled guilty?

> A. Well, we discussed a number of sentences, yes, and, you know, he said yes, I would receive a lesser sentence under twenty years if I pled guilty.
>
> Q. Yes, sir; and you did, in fact, receive a sentence under twenty years?
>
> A. Yes I did.
>
> Q. Mr. Zaremba - he didn't - did he promise you what kind of sentence you would receive?
>
> A. (Shakes head) No, no.
>
> MR. CHRISTIAN: Alright, sir, I tender the witness, Your Honor.

(Transcript of evidentiary hearing, p. 5).

The Court took this testimony as an acknowledgment from the Defendant that his trial counsel, Mr. Zaremba, had not made him any promises concerning the length of his sentence and that all of Mr. Zaremba's statements made in that regard were mere estimates. The Court considered this an abandonment of this ground. In fact, when the prosecutor tried to cross-examine Mr. Mitchell concerning ground two, Mitchell's counsel objected.

> Q. Now you go on to say that in your application for this 2255 appeal that - in fact, you didn't mention anything in there based upon your testimony today - you say today that you discussed the sentences, and he said you wouldn't get anything over twenty years; but in your application, you say, "the first time I met with him, he told me that I was facing thirty six to forty eight months and that I wouldn't - I would probably not serve more than three years."
>
> A. That is correct.
>
> Q. And the second time, he said, "you won't serve more than sixty months?"
>
> A. Sixty months.

Q. Which is five years, correct?

A. Yes, sir.

Q. Well, isn't it true that he also told you that that's just a guesstimate on his part and that he didn't have the PSR yet?

MR. CHRISTIAN: Your Honor, the question was asked and answered on direct.

THE COURT: Sustained. He already said that Mr. Zaremba didn't make any promises and it was only an estimate on his part.

MR. HANSEN: Very well, Your Honor.

(Transcript of evidentiary hearing, pp. 18-19). Further, Mitchell's counsel did not mention claim two in his closing argument.

Apparently Mitchell now argues that he did not abandon this claim. If not abandoned, it fails on the merits. The Court finds that Mr. Zaremba merely gave Mitchell an estimate of the sentence he would receive from this Court. Mitchell understood that the sentence ultimately given by this Court may be higher or lower than the estimate given by Mr. Zaremba. He was not induced into pleading guilty by Mr. Zaremba's estimate.

It is therefore ORDERED AND ADJUDGED:

1. Ground two fails on the merits and Mitchell's 28 U.S.C. §2255 petition is hereby DENIED.

2. The Clerk is directed to enter Judgment for Respondent and against the Petitioner.

3. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on May 21, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2007\07-cv-1066.remand.wpd